IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JAMEX TRANSFER SERVICES, LLC, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 17-CV- |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Eddystone Rail Company, LLC, by its undersigned attorneys, brings this petition pursuant to 9 U.S.C. § 9 to confirm an arbitration award (the "Arbitration Award") rendered against Respondent Jamex Transfer Services, LLC on January 24, 2017, in the arbitration *Eddystone Rail Services, LLC v. Jamex Transfer Services, LLC*, administered by a panel of the Society of Maritime Arbitrators, Inc.

### The Parties

1.  Petitioner Eddystone Rail Company, LLC ("ERC") is a Delaware entity, with its principal place of business located at 5 Industrial Highway, Eddystone, PA 19022.

2.  Respondent Jamex Transfer Services, LLC ("JTS") is a Louisiana entity, with its principal place of business located at 2009 Chenault Drive, Suite 110, Carrollton, Texas 75006.

### Jurisdiction and Venue

3.  The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1333(1), because the arbitration resolved claims arising under a maritime contract. The maritime contract in question concerns ERC's providing the service of transloading crude

oil from railcars delivered to ERC's facility on the Delaware River onto vessels at the facility's dock for subsequent shipment to refineries downriver.

4. The Court has personal jurisdiction over JTS because the Arbitration Award was made in this District and because JTS agreed to arbitrate in this District. 9 U.S.C. § 9; *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996); *Colavito v. Hockmeyer Equip. Corp.*, 605 F. Supp. 1482, 1485 (S.D.N.Y. 1985).

5. Venue is proper in this District under 9 U.S.C. § 9 because the arbitration agreement between Petitioner and Respondent did not specify a court for confirming an arbitration award, and the Arbitration Award was made in this District.

## Facts

6. ERC owns a rail terminal in Eddystone, Pennsylvania with docks on the Delaware River. Under an agreement with JTS, ERC transloaded crude oil from rail cars at the facility onto barges at its docks for shipment to refineries along the river. On February 13, 2013, ERC entered into the Eddystone Rail Facilities Services Agreement (the "RSA") with JTS (then named Bridger Transfer Services, LLC) to construct this facility and provide JTS with transloading services for a five-year term. In exchange, JTS committed to bring a certain minimum volume of crude oil to the facility for transloading each month, or else pay a deficiency fee for each barrel by which it fell short of its minimum volume commitment.

7. The Parties agreed to submit to arbitration in the event that a dispute arose concerning payment under the RSA. Specifically, Section 16(b) of the RSA provided that

> either Party may refer the Dispute to three (3) persons at New York, one to be appointed by each of the Parties, and the third by the two so chosen; their decision or that of any two of them shall be final, and for the purpose of enforcing any award, the Agreement and these terms and conditions may be made a rule of the court. The proceedings shall be conducted in accordance with the Rules of the Society of Maritime Arbitrators, Inc. ("SMA").

8. An arbitrable dispute between the Parties arose when, in February 2016, JTS stopped bringing trains into ERC's transloading facility and refused to make any additional payments it owed to ERC under the RSA, including deficiency fee payments. In response, ERC on April 19, 2016 formally demanded that the Parties submit their dispute to arbitration.

9. To resolve the dispute, the Parties designated three arbitrators in accordance with the arbitration agreement (the "Panel"). The Panel proceeded to hear allegations of the Parties, and took testimony of certain fact witnesses at a hearing held on June 29, 2016 in New York City. On January 5, 2017, the Parties settled their dispute, and JTS consented to entry of an award against it.

10. In accordance with the terms of the Parties' settlement agreement, the Panel issued the Arbitration Award in New York City on January 24, 2017. The Arbitration Award determined that "Jamex Transfer Services, LLC materially breached and anticipatorily repudiated the Eddystone Rail Facilities Services Agreement," and is therefore "liable to Eddystone Rail Company, LLC for general damages resulting therefrom." The Arbitration Award awarded ERC damages in the amount of $139,050,406.77.

## Demand for Relief

WHEREFORE, ERC respectfully requests that:

1. This Court enter an order confirming the Panel's January 24, 2017 Arbitration Award; and

2. This Court enter judgment against JTS in the amount of $139,050,406.77.

Dated: February 17, 2017

Respectfully submitted,

STEPTOE & JOHNSON LLP

By: _____
Filiberto Agusti
Evan Glassman
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
fagusti@steptoe.com

*Counsel for Eddystone Rail Company, LLC*