# Exhibit F



Filiberto Agusti
202 429 6428 direct
202 261 7512 fax
fagusti@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

April 10, 2017

Sunny Gulati
Akin Gump Strauss Hauser & Feld
One Bryant Park
New York, New York 10036

Re:  Early Discovery in New York and Pennsylvania Litigation

Dear Mr. Gulati,

I have received your letter the requesting early production in *Eddystone Rail Company, LLC v. Jamex Transfer Services, LLC*, Case No. 1:17-cv-01266-WHP (S.D.N.Y.) of certain documents related to the underlying SMA arbitration between Eddystone Rail Company, LLC, and Jamex Transfer Services, LLC.

Eddystone cannot agree to any document discovery in the New York confirmation proceedings.  As described in our letter opposing your clients' request to intervene, Bridger Logistics, Ferrellgas Partners, L.P., and Ferrellgas, L.P., are not proper parties to the New York litigation and have no basis on which to oppose confirmation of the SMA arbitral award.  Thus, your discovery requests can have no purpose other than to cause unnecessary complication and expense.

Even were your clients permitted to intervene, there would still be no basis for discovery in what is supposed to be a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Florasynth v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).  Far from "avoid[ing] delay after intervention is ruled upon," as your letter suggests, discovery in the New York confirmation proceedings would transform a summary proceeding into a full-blown litigation, thereby increasing delay and cost.

While discovery in the New York confirmation proceeding is not proper, Eddystone is prepared to agree to a mutual program of expedited discovery in the Pennsylvania litigation, where your clients are parties.  If Bridger Logistics, Ferrellgas Partners, L.P., and Ferrellgas, L.P., are willing to produce the accounting and financial records described in Eddystone's First Set of Requests for Production, Eddystone can produce many of the documents described in your letter.  This approach will allow your clients to review the materials regarding the arbitration in

which they are interested.  At the same time, it will expedite and streamline Eddystone's prosecution of its claims by revealing exactly how Bridger Logistics, Ferrellgas Partners, L.P., and Ferrellgas, L.P., stripped Bridger Transfer Services of its assets and caused it to default on its obligations under the Eddystone Rail Facilities Services Agreement.

      I look forward to hearing your response.

                                    Sincerely,

                                    Filiberto Agusti